# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**STEVEN RAY WOOD**                                                    **PLAINTIFF**
*ADC #181264*

**v.**                              **NO. 4:26-cv-00549-BSM-PSH**

**LARRY LEWIS,** *et al.*                                       **DEFENDANTS**

## ORDER

Plaintiff Steven Ray Wood filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 29, 2026, while incarcerated at the Arkansas Division of Correction's Varner Unit (Doc. No. 2).  Wood has been granted *in forma pauperis* status.  *See* Doc. No. 3.

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Wood alleges that on March 25, 2026, Corporal Larry Lewis verbally threatened him and another inmate named Kopcinski. Doc. No. 2 at 4-6. He further alleges that Lewis offered to pay another inmate "to do bodily harm to [him] if not worse!" *id.* at 4. Wood claims that he reported this conduct to Major Madden and Warden Byers, but they did not take corrective action. *Id.* at 4-6. Wood sues defendants in their official capacities only.[1] *Id.* at 1. For the reasons described below, Wood's current complaint fails to describe sufficient facts to state a viable claim for relief.

---

[1] A suit against a defendant in his or her official capacity is in essence a suit against the State of Arkansas, and any such official capacity claim for monetary damages is barred by the doctrine of sovereign immunity. *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989). While the doctrine of sovereign immunity does not apply to a request for injunctive relief, *see Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005), the Prison Litigation Reform Act (PLRA) requires that injunctions with respect to prison conditions be narrowly tailored extend no further than necessary to correct the violation of any Federal right of a particular plaintiff. *See* 18 U.S.C. § 3626(a)(1).

First, verbal insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[2] The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986). Wood's allegations of verbal abuse do not approach this threshold.

Second, Wood's allegation that Lewis offered to pay another inmate to harm him lacks sufficient detail to support a plausible constitutional claim. *See Bell Atlantic Corporation v. Twombly*, *supra.* He does not identify the inmate involved or describe why he believes Lewis made such an offer.

Finally, Wood may not sue on behalf of inmate Kopinski. *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."); *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (explaining

---

[2] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (allegation of racially offensive language directed at a prisoner does not, by itself, state a constitutional claim).

that plaintiff did not have "standing to assert" a constitutional claim on behalf of another person).

Wood may amend his complaint within 30 days to cure the deficiencies described in this Order. The Clerk of Court is directed to send a blank § 1983 complaint form to Wood. Wood is cautioned that an amended complaint renders his pending complaints without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. Wood is directed to follow the instructions on the § 1983 form while writing his complaint. In the event he fails to file an amended complaint conforming to this order within 30 days, his claims may be dismissed.

IT IS SO ORDERED this 9th day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE